THE UNITED STATES BANKRUPTCY COURT
THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION



| | |
|---|---|
| **In re: Group Management Corp.** | : |
| | : Case # 03-83009-MHM |
| Debtor-Petitioner | : Judge Murphy |
| | : |
| v. | : |
| | : |
| **Alpha Capital, AG, Kenneth Zitter** | : |
| **Stone Street Limited Partnership** | : |
| and | : |
| **Amro International, S.A.,** | : |
| **Ari Rabinowitz, Michael Finkelstein**: | |
| **Markham Holding, Ltd., Thomas Badien**: | |
| (Respondents) | : |

**DEBTOR'S FIRST MOTION FOR SANCTIONS FOR THE WILLFUL VIOLATION OF §362 OF THE UNITED STATES BANKRUPTCY CODE AND AN ORDER FOR A SHOW CAUSE HEARING TO DETERMINE IF KENNETH ZITTER, AMRO INTERNATIONAL, S.A., MARKHAM HOLDINGS, LTD., THOMAS BADIEN, AND STONE STREET LIMITED PARTNERSHIP SHOULD BE INCARCERATED FOR WILLFUL CONTEMPT OF COURT.**

Now comes the Debtor, Group Management Corp., ("GPMT") in the above styled matter, and through its attorney of record and shows the Court the following:

1.

On December 3, 2003 in the United States Bankruptcy Court for the Northern District of Georgia, Atlanta Division both GPMT and SSSG filed chapter 7 petitions, case # 03-83000-MHM and case # 03-83008-MHM respectively, listing the plaintiffs in case # 02 civ 2219 (LBS) in The United States District Court for the Southern District of New York, ("the New York matter") as creditors.

2.

On December 3, 2003, counsel for the debtor notified Judge Leonard B. Sand of the United States District Court for the Southern District of New York along with Kenneth Zitter the creditors' counsel of record of the Chapter 7 filing for Group Management Corp. and SSSG Acquisition Corp. See Exhibit # 1.

3.

Notice of the Chapter 7 filings were served on the plaintiffs in the New York matter by counsel for the debtors and by the bankruptcy court. See Exhibit # 1.

4.

Counsel for the debtors served notice of the automatic stay, §362 of the United States Bankruptcy Code on the Honorable District Court, Judge Sand and the creditors counsel Ken Zitter[1]. See Exhibit # 1.

---

[1] 11 U.S.C. 362 provides that when a petition in bankruptcy is filed under sections 301, 302 or 303 of Title 11 the filing operates as a stay, applicable to all entities, of:

(1) The commencement or continuation of an action or proceeding against a debtor that was or could have been commenced before the commencement of the bankruptcy case;

(2) The enforcement of a judgment obtained before the commencement of the bankruptcy case;

(3) Any act to obtain possession of property of the estate or to exercise control over property of the estate;

(4) Any act to create, perfect, or enforce any lien against the estate;

(5) Any act to create, perfect, or enforce against property of the debtor any lien to the extent the lien secures a claim that arose before commencement;

(6) Any act to collect, assess or recover a claim against the debtor that arose before commencement;

(7) The setoff of any debt owing to the debtor that arose before commencement against any claim against the debtor; and

(8) The commencement or continuation of a proceeding before the United States Tax Court concerning the debtor.

The purpose of the automatic stay is to give the debtor a breathing spell from creditors by stopping all collection efforts, all harassment, and all foreclosure actions. This permits the debtor to attempt a repayment or reorganization plan, or to be relieved of the financial pressures that led to the bankruptcy. <u>Maritime Elec. Co., Inc. v. United Jersey Bank</u>, 959 F. 2d 1194 (3rd Cir. 1991). As one court has held:

5.

Again on June 10, 2004 counsel for the debtors GPMT and SSSG notified Judge Sand and counsel for the plaintiffs in the New York matter of the chapter 7 petitions filings of both GPMT and SSSG. Debtor's counsel informed both Judge Sand and Kenneth Zitter that the judgment obtained against GPMT would have to be domesticated for collections and the judgment was never domesticated prior to the filing of the Chapter 7 petition.  See Exhibit # 2

6.

On September 1, 2004 counsel for the debtor, Thomas Ware was arrested in Atlanta, GA for civil contempt for the non-

---

The automatic stay is designed to effect an immediate freeze of the status quo at the outset of the [bankruptcy] proceeding, by precluding and nullifying most post-petition actions and proceedings against the debtor in nonbankruptcy fora, judicial or nonjudicial, as well as most extrajudicial acts against the debtor, or affecting property in which the debtor, or the debtor's estate has a legal, equitable, or possessory interest. The automatic stay is activated immediately on the filing of a voluntary . . . petition under Bankruptcy Code 301, and remains in effect until the entry of an order under Bankruptcy Code 362(c)(2), granting or denying a discharge or closing or dismissing the . . . case, or until the entry of an order granting relief from the stay pursuant to Bankruptcy Code 362(d)(3)(f). Judicial actions or proceedings, as well as extrajudicial acts, **in violation of the automatic stay, are generally void and without legal effect.**

payment of the debts of GPMT in a matter orchestrated by Kenneth Zitter, the counsel for the creditors who is in active concert with the creditors.

7.

Thomas Ware was released on $250,000 bail on September 3, 2004 by U. S. District Court Judge Thomas W. Thrash, Jr. with a hearing to be continued to September 9, 2004.

8.

On September 9, 2004 a hearing was held before Judge Thrash where Kenneth Zitter, the creditors' counsel appear via telephonic conference.  Both Judge Sand and Mr. Zitter indicated to Judge Thrash that time was not of the essence in the matter and there was nothing scheduled.

9.

On the same day, September 9, 2004 within 3 hours after the hearing was adjourned, Kenneth Zitter, requested Judge Sand hold a hearing concerning the estate of GPMT on or before September 22, 2004 in New York City.  See Exhibit # 3.

10.

Judge Sand complied, over the objection of the debtor's counsel, with Mr. Zitter's request after stating to Judge Thrash time was not of the essence in the matter and scheduled a hearing for September 22, 2004 in New York, New York to determine issued pertaining to the estate of GPMT in violation of the Automatic Stay.

11.

On September 10, 2004 the debtor's counsel, Thomas Ware, again notified Kenneth Zitter and Judge Sand the automatic stay was still in effect and no hearing could be scheduled concerning GPMT until the Bankruptcy Court ruled on a motion to lift the stay.

12.

As of the filing of this motion, September 13, 2004 no creditor listed in the Chapter 7 filings by GPMT or SSSG have filed a motion to lift the automatic stay and proceed against GPMT or SSSG, accordingly, the automatic stay of §362 remains in effect for all creditors including the plaintiffs in the New York matter as well as Judge Sand concerning the affairs of GPMT.

13.

The matter regarding the issuance of shares of the debtor GPMT to the creditors, is illegal as a matter of law per the United States Bankruptcy Code, as a voidable preference and the Exchange Act of 1934[2]. On August 28, 2003 counsel

---

[2] **Alpha Capital Violated Rule 13 G of the 1934 Exchange Act.**

On February 12, 2003 Alpha filed a form SC 13 G/A claiming beneficial ownership of 3,281,895 common shares of GPMT[2]. On the form SC 13G/A filed by Alpha it declared under oath that it owned less than 9.9% of the outstanding shares of GPMT. The declaration made by Alpha on Form SC 13 G/A was a false statement made to shield its true beneficial ownership in GPMT and made to shield the securities fraud it was committing. Alpha is actually the beneficial owner of more than 50% of the outstanding common shares of GPMT.[2] Once Alpha became the beneficial owner of more than 20% of the outstanding shares of GPMT, Rule 13d-1(c)(3) prevents Alpha from the use of Form SC13G. Rule 13d-1(f)(2)(ii) further prevent Alpha from increasing its beneficial ownership beyond the 20% statutory limit mandated by rule 13d accordingly preventing Alpha from Rule 144(k) eligibility. Form 13 G/A Eligibility and Beneficial Ownership Calculation

### Exhibit E

On February 12, 2003 Alpha filed the Form SC 13 G/A. See exhibit D. declaring its ownership of 3,281,895 common shares of GPMT. On November 25, 2003 Alpha was awarded a judgment against GPMT of more than $350,000 in principal, interests and attorneys, see Judge Sand order of November 25, 2002.

for the debtor, Thomas Ware provided to both Judge Sand and counsel for the creditors, Kenneth Zitter, a detailed calculation of the beneficial ownership of the stock of GPMT for the creditors in the New York matter. The beneficial ownership was accurately determined and has not been rebutted by the creditors, thereby preventing the issuance of any shares of GPMT per any outstanding conversion requests of any of the creditors.

14.

By Judge Sand awarding the creditors a judgment on November 25, 2002 in the amount greater than $1,500,000, Judge Sand disqualified the creditors from any future conversion per rule 144(k).See Exhibit #

---

At that point Alpha had the right to convert its $350,000 debt into shares of GPMT. The debt of $350,000 divided by the conversion price of July 23, 2003 of $0.014 per share discounted by 20% is equaled to $0.0112 per shares as the conversion price. The debt of $350,000 divided by $0.0112 =31,250,000 shares plus the 3,281,895 shares Alpha declared it owned via the Form SC 13 G/A totaling 34,531,895 shares that Alpha is the beneficial of thereof as of July 23, 2003. On July 23, 2003 GPMT had outstanding 67,400,000 common shares. Alpha's beneficial ownership is 34,531,895 divided by 67,400,000 equals 51.23% of GPMT as of July 23, 2003 thereby making Alpha an affiliate ineligible for rule 144(k) treatment.

15.

Judge Sand and the creditors' counsel Kenneth Zitter are now attempting to illegally circumvent the bankruptcy process by holding the debtor's counsel in contempt of an order that is **legally impossible** to comply with per bankruptcy laws as well as securities laws. Legal impossibility is a complete defense to contempt[3].

SUMMARY

---

[3] **Impossibility of Performance of Orders of August 13, 2003 and August 23, 2003.**

The Securities and Exchange Act of 1933, ("the Act") specifically Rule 144(k) requires for eligibility of its exception to registration and preemption under § 5 of the Act, that the party making use of Rule 144(k) make certain conclusive declarations. The party must declare conclusively: (1) they are not the beneficial owners of more than 9.9% of the **outstanding** common shares of the issuer, Group Management Corp., a Delaware corporation, and the party must declare conclusively: (2) they have not been an affiliate of the issuer, Group Management Corp., a Delaware corporation, within the last 90 days.

Plaintiff Alpha Capital, A.G has avoided making the required statutory and necessary declarations for eligibility of Rule 144(k) treatment by: (1) failing to state under oath its not the beneficial owner of more than 9.9% of the **outstanding** common shares of Group Management Corp., a Delaware corporation, as required by the statute.

The debtors has shown that the creditors and their counsel of record, Kenneth Zitter, who at all times in this matter has been in active concert with the creditors are attempting to circumvent the bankruptcy process by attempting to hold the debtor's counsel of record in contempt of court for an illegal order that is impossible to comply with either under the bankruptcy code or under the securities laws.

The creditors have repeatedly violated the rules of law, the automatic stay per §362 of the bankruptcy code, Rule 144(k) of the Exchange Act of 1934, Federal Rule of Evidence 903 governing a foreign public document, the domestication of a foreign judgment, judicial ex parte communications without the written consent of opposing counsel.

**RELIEF REQUESTED**

WHEREFORE, the debtor requests the following relief from the Honorable Bankruptcy Court:

1. Issue an immediate show cause order directing Kenneth Zitter, Amro International, S.A., Stone Street Limited Partnership, Alpha Capital, A.G., Markham Holdings, Ltd., Thomas Badien, Michael Finkelstein, Ari Rabinowitz, to appear in person on or before September 20, 2004 in Atlanta, GA in the United States Bankruptcy Court as to why an arrest warrant should not issue for their arrest and incarceration for a willful violation of the automatic stay of §362 of the Bankruptcy Code;

2. Issue a declaratory order that the automatic stay is in affect for the estate of Group Management Corp.;

3. Issue an order requiring the creditors to pay the attorneys fees of the debtor;

4. Issue an order staying all judicial proceedings wherever located concerning the estate of Group Management Corp.

5. whatever additional relief the Honorable Bankruptcy Court would deem just and proper.

Submitted by:

_____

**Ulysses Thomas Ware (GA Bar # 737758)
Attorney for Group Management Corp.
101 Marietta St.
Suite 1070
Atlanta, GA 30303
404-522-1202 phone
404-522-1447 fax**

## CERTIFICATE OF SERVICE

I, Thomas Ware, counsel for the debtor, have this 13th day of September 2004 addressed a copy of: **DEBTOR'S FIRST MOTION FOR SANCTIONS FOR THE WILLFUL VIOLATION OF §362 OF THE UNITED STATES BANKRUPTCY CODE AND AN ORDER FOR A SHOW CAUSE HEARING TO DETERMINE IF KENNETH ZITTER, AMRO INTERNATIONAL, S.A., MARKHAM HOLDINGS, LTD., THOMAS BADIEN, AND STONE STREET LIMITED PARTNERSHIP SHOULD BE INCARCERATED FOR WILLFUL CONTEMPT OF COURT.**

**By Federal Express next morning delivery:**

Creditors' Counsel
**Kenneth Zitter**
260 Madison Ave.
New York, NY 10016

**Honorable Judge Leonard B. Sand**
**United States District Judge**
**United States Court House**
**500 Pearl St.**
**New York, NY 10007**

Alpha Capital, AG
Pradafant 7
9490 Furstentus
Vaduz, Liechtenstein

Amro International, S.A.
C/O Ultra Finanz
Grossmuensterplatz 6
Zurich, Switerland CH 8022

Markham Holdings, Ltd
C/O David Hassan
PO Box 472, 50 Town Range
Gilbraltar

Stone Street Limited Partnership
C/O Michael Finkelstein

260 Town Centre, Suite 201
Markham, ON L3R 8H8



By hand delivery to:

Chapter 7 Trustee
Tamara Miles Ogier
Ellenberg, Ogier & Rothchild, P.C.
170 Mitchell St., S.W.
Atlanta, GA 30303



**By Fascimile to:**


Creditors' Counsel
**Kenneth Zitter**
260 Madison Ave.
New York, NY 10016
212-679-8998 fax

**Honorable Judge Leonard B. Sand**
**United States District Judge**
**United States Court House**
**500 Pearl St.**
**New York, NY 10007**
**212-805-7919 fax**



Submitted by:

_____
**Ulysses Thomas Ware (GA Bar # 737758)**
**Attorney for Defendants**
**101 Marietta St.**
**Suite 1070**
**Atlanta, GA 30303**
**404-522-1202 phone**
**404-522-1447 fax**

# CLERK'S NOTICE:

Attachments to this claim are voluminous, and a summary of the attachments was not filed. The attachments may be viewed in the Clerk's Office.